UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIA KEARSE, et al.

                                        Plaintiffs,                Case # 19-CV-6429-FPG

v.                                                         DECISION AND ORDER

DETECTIVE THOMAS AINI, et al.,

                                        Defendants.

## INTRODUCTION

On June 12, 2019, *pro se* Plaintiff Tia Kearse filed this civil rights action against Defendants Detective Thomas Aini, the Hornell Police Station, Lucinda Davis, and the Steuben County Department of Social Services. ECF No. 1; *see* 42 U.S.C. § 1983. Plaintiff asserts claims against Defendants on behalf of herself, Greggory Kearse, Sr., and her four minor children. Plaintiff also moved to proceed *in forma pauperis*, to appoint counsel, and for miscellaneous relief. ECF Nos. 2, 3, 4, 7, 8, 9.

The Court first addresses Plaintiff's claims and motions as they relate to her, and then it addresses issues related to Mr. Kearse and the children. For the reasons that follow, Plaintiff's Complaint must be dismissed, but she may file an amended complaint that includes the necessary facts, if they exist, to state a claim against Defendants.

## DISCUSSION

The Court grants Plaintiff's request to proceed *in forma pauperis* because it finds that she meets the statutory requirements of 28 U.S.C. § 1915(a). ECF No. 2 at 1-2. Accordingly, the Court must screen her Complaint under the 28 U.S.C. § 1915(e) criteria.

**I.      Legal Standard**

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citation omitted). A court must dismiss a civil complaint if it determines at any time that the action (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A court must liberally construe *pro se* pleadings but such pleadings must still meet the notice requirements of Federal Rule of Civil Procedure 8. *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004). "Specific facts are not necessary" and the plaintiff "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citation and quotation marks omitted).

Generally, a court will give a *pro se* plaintiff an opportunity to amend or be heard before dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (quotation marks omitted). But the court may properly deny leave to amend pleadings where amendment would be futile. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

To state a valid § 1983 claim, a plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997).

**II.     The Complaint**

First, Plaintiff alleges that Aini and the Hornell Police Department "falsely accused and incarcerated" her on June 14, 2018, and that she was "harassed in their custody" and "suffered

emotional distress, libel, defamation, wrongful incarceration, and loss of housing." ECF No. 1 at 5-6.

Second, Plaintiff alleges that, on June 28, 2018, Davis (a supervisor with Child Protective Services) and the Steuben County Department of Social Services placed her children in foster care "intentionally to cause distress . . . with knowledge the false evidence was provided in the legal proceeding and that their actions were illegal." *Id.*

Plaintiff attaches a variety of documents to her Complaint,[1] including three accusatory instruments from Hornell City Court—two of which accuse Mr. Kearse and Plaintiff of criminal sale of a controlled substance in the third degree on May 25 and June 13, 2018, respectively, and one that accuses Plaintiff of endangering the welfare of a child on June 13, 2018. ECF No. 1 at 19, 21, 23.

Additionally, Plaintiff submitted Temporary Orders of Protection from Steuben County Family Court issued against her on June 15, 2018, with respect to the four children, and against her and Mr. Kearse on June 28, 2018, with respect to two of the children. *Id.* at 31, 35. Plaintiff also submitted documents indicating that two of the children were placed in a relative's care on June 28, 2018. *Id.* at 15, 17.

The rest of Plaintiff's submissions are disjointed and appear to relate to her and Mr. Kearse's mental and physical health; the children's school attendance history; the termination of Plaintiff and Mr. Kearse's tenancy by their landlord; an incident between Plaintiff and an officer at the Steuben County Jail; and interactions between Plaintiff, Davis, and other Steuben County Department of Social Services caseworkers. *Id.* at 9, 11, 13, 25, 27, 29, 33, 39, 41, 43.

---

[1] When a court screens a case under § 1915, it may consider documents attached to the complaint in determining whether the plaintiff has stated a valid cause of action. *See Jordan v. New York*, 343 F. Supp. 2d 199, 203 n.1 (W.D.N.Y. 2004) (citation omitted).

3

**III.    Analysis**

   **A.    Plaintiff's Claims and Motions**

      **1.    Municipal Defendants**

Plaintiff cannot sue the Hornell Police Department. Municipal police departments are not municipalities or persons subject to suit under § 1983 since they are a sub-division of their municipal government and not an independent legal entity. *See, e.g.*, *Martinez v. Queens Cnty. Dist. Attorney*, No. 12-CV-06262 (RRM)(RER), 2014 WL 1011054, at *16 (E.D.N.Y. Mar. 17, 2014) (collecting cases). Accordingly, any claims against the Hornell Police Department are dismissed with prejudice. Although the Court could substitute the City of Hornell as a party to this action in place of the Hornell Police Department, it declines to do so because, as explained below, Plaintiff has not stated a viable claim. If Plaintiff files an amended complaint, she may name the City of Hornell as a Defendant.

To state a § 1983 claim against municipal defendants—like the City of Hornell and Steuben County Department of Social Services—"a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right." *Raghunath v. New York*, No. 14-CV-4218 CBA LB, 2015 WL 4623467, at *4 (E.D.N.Y. July 30, 2015) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). A municipality's failure to train or supervise its employees may constitute an official policy or custom if the failure amounts to "deliberate indifference" to the rights of those with whom the employees interact. *Id.* (citation omitted). But merely alleging that a municipality failed to train its employees is insufficient, and "a single incident of unconstitutional activity" is typically not enough to impose liability. *Id.* (citations omitted).

Plaintiff does not allege, and nothing in her Complaint suggests, that the incidents she describes are attributable to a municipal policy or custom, or that there was a failure to train that amounted to deliberate indifference. Accordingly, any claims that Plaintiff brings against the Steuben County Department of Social Services or could bring against the City of Hornell are not viable, and therefore they are dismissed. Plaintiff may file an amended complaint that alleges the necessary facts, if they exist, to state a claim.

### 2. Defendants Aini and Davis

#### a. First Claim

The Court construes Plaintiff's first claim as one for false arrest against Aini. To establish such a claim, a plaintiff must allege that: (1) the defendant intended to confine her; (2) she was conscious of the confinement; (3) she did not consent to the confinement; and (4) the confinement was not otherwise privileged. *See Shain v. Ellison*, 273 F.3d 56, 67 (2d Cir. 2001).

Plaintiff fails to state a false arrest claim because she has not alleged the requisite elements. Instead, she merely concludes that Aini "falsely accused and incarcerated [her] intentionally with false evidence." ECF No. 1 at 6. Accordingly, this claim must be dismissed, but the Court will let Plaintiff file an amended complaint that alleges the necessary facts, if they exist, to state a claim.

#### b. Second Claim

Plaintiff's second claim appears to relate to her children being placed in foster care. "Parents . . . have a constitutionally protected liberty interest in the care, custody and management of their children." *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999) (collecting cases). This liberty interest "is protected by both the substantive and procedural safeguards of the Due Process Clause of the Fourteenth Amendment." *Brazley v. ACS*, No. 16CV07138LDHPK, 2017 WL 4621951, at *2 (E.D.N.Y. Oct. 13, 2017) (citations omitted).

> With respect to procedural due process rights, a state actor may not deprive a parent of the custody of [her] children without a pre-deprivation hearing unless the children are immediately threatened with harm, in which case a prompt post-deprivation hearing is required. With respect to substantive due process rights, state seizure of children is constitutionally permitted only where case workers have a reasonable basis for their findings of abuse.

*Id.* (quotation marks and citations omitted). "[A] procedural due process claim challenges the procedure by which a removal is effected," while "a substantive due process claim challenges the fact of the removal itself." *Southerland v. City of New York*, 680 F.3d 127, 142 (2d Cir. 2012) (quotation mark, brackets, and citation omitted).

Plaintiff's allegations are insufficient to state a procedural or substantive due process claim, because it is unclear whether she had a hearing before (or after) her children were taken away or whether the children were removed from her care without a reasonable basis for a finding of abuse. She only asserts that Davis "intentionally" put Plaintiff's children in foster care "with knowledge [that] false evidence was provided in the legal proceeding." ECF No. 1 at 6. Accordingly, this claim must be dismissed, but Plaintiff may file an amended complaint that alleges the necessary facts, if they exist, to state a claim.

### c. Potential State Law Claims

Plaintiff alleges, without factual support, that she suffered "emotional distress, libel, defamation, . . . and loss of housing." ECF No. 1 at 6. To the extent that Plaintiff is trying to raise state law claims, they are dismissed because they do not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93.

### 3. Motions to Appoint Counsel and for Miscellaneous Relief

Because Plaintiff's Complaint must be dismissed, the Court denies her motions to appoint counsel and for miscellaneous relief. [2] ECF No. 3 at 1; ECF Nos. 4, 9.

## II. Mr. Kearse's Claims and Motions

The Court denies Mr. Kearse's motions to proceed *in forma pauperis* and to appoint counsel because he did not complete and sign them himself—Plaintiff did so on his behalf. ECF No. 2 at 3-4; ECF No. 3 at 6. As a *pro se* litigant, Plaintiff can only represent herself and cannot represent Mr. Kearse. *See Gabayzadeh v. Taylor*, No. 08-CV-3239(JFB)(ETB), 2009 WL 2983013, at *2 (E.D.N.Y. Sept. 14, 2009) (citations omitted). If Mr. Kearse wants to participate in this action, he must file his own *in forma pauperis* motion[3] and sign the complaint, and if he wants the Court to consider appointing counsel for him, he must file his own motion in that regard. The Court dismisses any potential claims Mr. Kearse might have without prejudice.

## III. The Children's Claims and Motions

Plaintiff also moved for *in forma pauperis* status and to appoint counsel for her children. ECF No. 2 at 5-12; ECF No. 3 at 2-5; ECF Nos. 4, 8. Just as she cannot represent Mr. Kearse, Plaintiff cannot represent her children or proceed *pro se* on their behalf and, because they are minors, they cannot raise *pro se* claims on their own. *See Spickerman v. Carr*, No. 04-CV-6226P, 2004 WL 1529219, at *1 (W.D.N.Y. July 7, 2004); *see also* Fed. R. Civ. P. 17(c).

---

[2] In Plaintiff's motions for miscellaneous relief, she asks "to file a late notice of claim"; however, a plaintiff bringing a § 1983 action "need not comply with a state's notice of claim requirements" because "such statutes are preempted by and inconsistent with federal law." *Id.* (citing *Felder v. Casey*, 487 U.S. 131, 140-41 (1988)). "[I]n a federal court, state notice-of-claim statutes apply to *state*-law claims." *Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999). Thus, New York's notice of claim requirement is inapplicable to Plaintiff's § 1983 claims, but is a condition precedent to any state-law claim she may intend to bring.

[3] Mr. Kearse is currently incarcerated at Clinton Correctional Facility, *see* ECF No. 6, and therefore if he moves for *in forma pauperis* status in this case, he must submit his motion with a completed and signed prison certification section and an authorization form. *See* 28 U.S.C. § 1915(a)(2), (b)(1)-(4).

Because the Court has determined that this case must be dismissed, it will not analyze any potential claims or motions on behalf of the children and dismisses them without prejudice.

## CONCLUSION

Plaintiff may proceed as a poor person (ECF No. 2 at 1-2), but her *in forma pauperis* motions on behalf of Mr. Kearse and the children, all motions to appoint counsel, and both motions for miscellaneous relief are DENIED. ECF No. 2 at 3-12; ECF Nos. 3, 4, 7, 8, 9. All potential claims on behalf of Mr. Kearse and the children are DISMISSED WITHOUT PREJUDICE and the Clerk of Court will terminate them as parties to this case. If Plaintiff does not file an amended complaint, as discussed below, her claims will be dismissed with prejudice and the Clerk of Court will close this case without further order.

Plaintiff has until August 30, 2019 to file an amended complaint that alleges the necessary facts, if they exist, to state a claim against Defendants on her own behalf. The Court reminds Plaintiff that she cannot litigate this case on behalf of Mr. Kearse, her children, or any other individuals. The Court also reminds Plaintiff that she cannot submit documents that contain a complete Social Security number, an individual's full date of birth, or a minor child's full name. *See* Fed. R. Civ. P. 5.2(a).

The Clerk of Court will send Plaintiff a copy of the original Complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint. If Plaintiff files an amended complaint, it must contain all of her allegations because it will replace the original Complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies leave to appeal as a poor person. *See Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct requests to proceed on

appeal as a poor person to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24.

    IT IS SO ORDERED.

Dated: July 25, 2019
       Rochester, New York

                                                       HON. FRANK P. GERACI, JR.
                                                       Chief Judge
                                                       United States District Court