UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIA KEARSE,

            Plaintiff,    Case # 19-CV-6429-FPG

v.                  DECISION AND ORDER

DETECTIVE THOMAS AINI, et al.,

            Defendants.

**INTRODUCTION**

On June 12, 2019, *pro se* Plaintiff Tia Kearse brought this case pursuant to 42 U.S.C. § 1983. ECF No. 1. Pursuant to 28 U.S.C. § 1915(e), the Court screened Plaintiff's Complaint, dismissed it, and provided her with an opportunity to file an amended complaint. ECF No. 10. Plaintiff filed the Amended Complaint on August 26, 2019. ECF No. 11. Upon screening, the Court dismissed some claims but permitted the following claims to proceed: (1) false arrest against Detective Thomas Aini; (2) failure to intervene against the Hornell Police Chief[1]; and (3) substantive due process against Lucinda Davis. ECF No. 13.

Defendants answered, ECF Nos. 18, 19, 32, and the Court referred the case to Magistrate Judge Mark W. Pedersen. ECF No. 20. After answering, Davis filed the instant motion to dismiss.[2] ECF No. 37. At Plaintiff's request, Judge Pedersen appointed counsel. ECF No. 40. Plaintiff, now represented by counsel, opposed Davis's motion to dismiss, ECF No. 42, and Davis replied, ECF No. 48. For the reasons that follow, Davis's motion to dismiss is DENIED.

---

[1] Later determined to be Theodore Murray.

[2] As discussed below, Davis raises three arguments for dismissal. The first two—standing and subject matter jurisdiction—are properly raised under Federal Rule of Civil Procedure 12(b)(1). But Plaintiff's qualified immunity argument is properly addressed under Rule 12(c), not Rule 12(b)(6) as Plaintiff claims. Nevertheless, the standards are the same.

**DISCUSSION**

**I.      Legal Standard**

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Bryant v. Roosa*, No. 15-CV-440-FPG, 2016 WL 320990, at *2 (W.D.N.Y. Jan. 25, 2016) (quoting another source).  A claim "is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000).  In resolving such a motion, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting another source).  The Court may refer to evidence outside of the pleadings in determining a Rule 12(b)(1) motion.  *Rojas v. Roman Catholic Diocese of Rochester*, 557 F. Supp. 2d 387, 393 (W.D.N.Y. 2008).

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim."[3] *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).  In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007) (quoting another source), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).  To survive a motion to dismiss, a complaint must contain sufficient factual

---

[3] In support of her motion, Davis filed an "Order of Fact-Finding and Disposition" filed in the Family Court case in which Plaintiff allegedly consented to relinquishing custody of her children. ECF No. 37-2. To the extent the Court considers this document, which is outside of the pleadings, it is required to convert the 12(c) motion to a summary judgment motion. Fed. R. Civ. P. 12(d). However, even were the Court to consider it, Davis would not be entitled to summary judgment under Rule 56.

matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).  "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

## II.     The Amended Complaint

Plaintiff alleges that Aini searched her home on May 14, 2018.  ECF No. 11 at 4.  Aini did not find any drugs at Plaintiff's home on that day; however, Aini arrested Plaintiff for a drug charge that occurred the day before at a different location.  Plaintiff was "aware of the arrest and did not consent."  *Id.*  Plaintiff alleges that Aini "falsified police documents" indicating that she had crack cocaine around her children on May 14 because he wanted to arrest her and have her children taken away.  *Id.*  Plaintiff also asserts that the police chief was present and was "aware of Aini's misconduct" but did not "correct or report him."  *Id.*

Plaintiff also alleges that two weeks later, on May 28, 2018, Davis (a supervisor with Child Protective Services) placed her children in foster care "with intent to cause distress."  ECF No. 11 at 4.  Plaintiff claims that Davis removed her children based on Plaintiff's drug crime, even though

"the alleged crime did not happen at the same address as the children and no drugs were recovered during the search of the home." *Id.* She further alleges that the children "were removed without proper due process and based off false allegations even though proof was provided." *Id.* Plaintiff also asserts that no supervisors intervened to stop Davis from "abus[ing] her authority." *Id.*

**III.   Analysis**

    **A.   Standing**

Plaintiff alleges that Davis placed her children in foster care "with intent to cause distress" and "based off false allegations." ECF No. 11 at 4. Specifically, it appears that Plaintiff's children were removed from her care based on a drug crime, which Plaintiff disputes because "the alleged crime did not happen at the same address as the children and no drugs were recovered during the search of the home." *Id.*

Davis argues that Plaintiff lacks standing because the "changes in parental custody of [the] child occur pursuant to a consent order." ECF No. 37-3 at 7. But as the Court explains below, Plaintiff is *not* challenging the consent order. Rather she is challenging Davis's role in placing her children in foster care prior to the entry of the consent order—a fact that may have ultimately led to the consent order.

"Parents . . . have a constitutionally protected liberty interest in the care, custody and management of their children." *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999) (collecting cases). This liberty interest "is protected by both the substantive and procedural safeguards of the Due Process Clause of the Fourteenth Amendment." *Brazley v. ACS*, No. 16CV07138LDHPK, 2017 WL 4621951, at *2 (E.D.N.Y. Oct. 13, 2017) (citations omitted).

As the Court concluded in its screening order, Plaintiff raises a substantive due process claim. "With respect to substantive due process rights, state seizure of children is constitutionally

4

permitted only where case workers have a reasonable basis for their findings of abuse." *Id.* (quotation marks and citations omitted).  Such "a substantive due process claim challenges the fact of the removal itself."  *Southerland v. City of New York*, 680 F.3d 127, 142 (2d Cir. 2012) (quotation mark, brackets, and citation omitted).  Again, because Plaintiff challenges Davis's role in the removal of her children from her custody, she has standing.

      **B.**     **Subject Matter Jurisdiction**

Davis next argues that the domestic relations exception divests the Court of subject matter jurisdiction.  ECF No. 37-3 at 5-7.

The Second Circuit has held that the domestic relations exception only applies to cases whose basis for jurisdiction is diversity, not federal question.  *Deem v. DiMella-Deem*, 941 F.3d 618, 623 (2d Cir. 2019) ("[T]he domestic relations exception clearly does not apply to this case because it is before this Court on federal question jurisdiction, not diversity." (quoting another source)).  Because this case is premised on a federal question arising out of 42 U.S.C. § 1983, the domestic relations *exception* does not divest the Court of subject matter jurisdiction.

Even if the domestic relations exception applied to this federal question case, it would not require that the case be dismissed.  To be sure, some courts have held that "the exception includes civil rights actions directed at challenging the results of domestic relations proceedings" such as custody disputes.  *Mitchell-Angel v. Cronin*, 101 F.3d 108 (2d Cir. 1996).  But here, Plaintiff does not challenge the *result* of a domestic relations or custody proceeding.  Rather, as explained above, she seeks damages for Davis's role as a case worker in removing her children from her custody and placing them in foster care based on false allegations.  Therefore, the domestic relations exception does not divest the Court of subject matter jurisdiction.[4]

---

[4] In her reply papers, Davis seems to anticipate that the domestic relations *exception* does not apply here.  ECF No. 48 at 7-11.  As an alternative, she suggests that the Court should abstain from adjudicating the case under the domestic

### C.  Qualified Immunity

Finally, Davis argues that she is entitled to qualified immunity.

"Although, usually, the defense of qualified immunity cannot support the grant of a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted, a district court may grant a Rule 12(b)(6) motion on the ground of qualified immunity if the facts supporting the defense appear on the face of the complaint." *Hyman v. Abrams*, 630 F. App'x 40, 42 (2d Cir. 2015) (summary order) (quoting *McKenna v. Wright,* 386 F.3d 432, 435-36 (2d Cir.2004)) (internal quotation marks omitted). "Consequently, a defendant presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept [that] the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." *Id.*

"But that does not mean that qualified immunity can never be established at the pleading stage.  To the contrary, every case must be assessed on the specific facts alleged in the complaint." *Garcia v. Does*, 779 F.3d 84, 97 (2d Cir. 2015).  And, to be sure, "[a]s a threshold matter, it is well settled that child protective services workers are entitled to qualified immunity for their conduct during the course of abuse investigations." *Wilkinson ex rel. Wilkinson v. Russell*, 182 F.3d 89, 99 (2d Cir. 1999).

On the facts as alleged in the Amended Complaint, Davis is not entitled to qualified immunity at this stage of the litigation.  Plaintiff alleges not just that Davis placed Plaintiff's children in foster care but that this decision was based on Davis's *lies* regarding the underlying

---

relations *abstention* doctrine.  In *Deem*, the Second Circuit concluded that the domestic relations abstention doctrine may allow a federal court to decline to exercise subject matter jurisdiction over claims that are "on the verge of being matrimonial in nature" where "there is no obstacle to their full and fair determination in state courts."  941 F.3d at 623 (quoting *American Airlines, Inc. v. Block,* 905 F.2d 12, 14 (2d Cir. 1990)).  Because the Court questions whether this case is on the "verge" of domestic relations, it declines to abstain from adjudicating this case.

events.  As a result, it is not clear from the Amended Complaint that it is "objectively reasonable to believe that her acts did not violate clearly established federally protected rights," *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996).

The Court's analysis would not change even if it were to consider the Family Court's Order finding neglect, ECF No. 37-2, and convert Davis's motion under Rule 12(b)(6) or Rule 12(c), to a motion for summary judgment under Rule 56.  Again, Plaintiff challenges Davis's conduct leading up to the termination of Plaintiff's parental rights, not the termination itself.  Accordingly, at least at this stage of the proceedings the Court concludes that Davis is not entitled to qualified immunity.

## CONCLUSION

For the reasons stated above, Davis's motion to dismiss, ECF No. 37, is DENIED.

IT IS SO ORDERED.

Dated: December 13, 2021
      Rochester, New York

                                          HON. FRANK P. GERACI, JR.
                                          United States District Judge
                                          Western District of New York